**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Edward Byrd, | ) | No. CV04-02701-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, et al., | ) | |
| Defendants. | ) | |

This case has been pending before me for several years, and there have been extensive proceedings, including a full trial and appeal. A final pretrial conference is set for September 14, 2011.

Since the previous trial, a legal dispute arose in which the law firm of Fennemore Craig PC — which represents Mr. Byrd — represents a plaintiff against a limited liability company and a limited partnership in which I and my wife have indirect interests. Though there is no claim or possibility of personal liability to me and my wife, we have beneficial interests in the entities and therefore have an ultimate financial interest in the litigation.

I have no actual or potential bias against Fennemore Craig and I currently preside over cases in which Fennemore Craig's clients have waived the potential conflict. Because this case predated the LLC/LP dispute described above, I did not recognize the potential conflict in this case until recently.

A more complete description of the LLC/LP litigation, and my and my wife's interests, is as follows:

**THE INVESTMENT ENTITIES AND MY INTEREST IN THEM**

I and my wife are both (a) members of Apache Peak Investments, LLC, an Arizona limited liability company, and (b) shareholders of Whetstone Development Company, an Arizona corporation. Apache Peak Investments, LLC is a partner of Whetstone Partners, LLP, an Arizona limited liability partnership. I am not a general partner of Whetstone Partners, LLP. My involvement in it is only indirect, through my ownership interest in one of its constituent partnerships, Apache Peak Investments, LLC. Whetstone Partners has an interest, either as owner, Trust Beneficiary, or Beneficiary of a Deed of Trust, in approximately 13,000 acres of land located in Benson, Cochise County, Arizona. This land is commonly known as the "Whetstone Ranch." Along with other property, approximately 1,700 acres (the "WDC Investment Property") of the Whetstone Ranch was optioned by Whetstone Partners, LLP to WDC Investment Company, LLC. WDC Investment Company, LLC is currently wholly owned by Whetstone Development Company.

I do not act as a manager, officer, or director of any of these entities. I have never acted in a management capacity for any of them. As shareholders, we have less than a 1% percent interest in Whetstone Development Company, the sole member of WDC Investment. Therefore, we indirectly hold the same percentage interest in WDC Investment Company. By virtue of our membership in Apache Peak Investments, LLC which in turn is a member of Whetstone Partners, LLP, we also have ultimately less than 1% beneficial interest in Whetstone Partners, LLP.

**SAGE LITIGATION**

WDC Investment Company entered into a contract to assign its option rights in the WDC Investment Property to Sage Whetstone, LLC, a Delaware limited liability company. On April 30, 2008 Sage Whetstone filed a Complaint in the U.S. District Court, District of Arizona (Complaint No. CIV-08-275-JMR) against both WDC Investment Company, LLC, and Whetstone Partners, L.L.P. arising out of the contract for the option rights. Fennemore

Craig PC represents Sage Whetstone, LLC in the litigation. The Complaint contains four counts, which are as follows:

1. **Count One: (Breach of Contract – Covenant of Good Faith and Fair Dealing)**. The contract provided that certain documents would be imposed as encumbrances (the "Encumbrance Documents") upon the WDC Investment Property. Sage Whetstone alleges that the Encumbrance Documents tendered to Sage Whetstone in connection with the contract were "not commercially reasonable, and seek to deprive Sage Whetstone from receiving the benefits reasonably contemplated and expected to flow to it under the Agreement." Therefore, Sage Whetstone asserts that it is entitled to damages for breach of contract.

2. **Count Two: (Recision of Contract).** Sage Whetstone alleges that the parties understood that "a material basis of the Agreement was the participation of a financially responsible, experienced, national scope homebuilder and developer such as Pulte [Homes]." Because Pulte Homes withdrew from a contract to purchase a separate parcel within the Whetstone Ranch, Sage Whetstone claims it is entitled to recision of the contract.

3. **Count Three: (Breach of Contract – Return of Deposit)**. Sage Whetstone alleges that "if the parties do not agree on Encumbrance Documents, Sage Whetstone can terminate the Agreement, and the refundable deposits paid by Sage Whetstone then shall be repaid to Sage Whetstone." Sage Whetstone alleges that it did not agree to the Encumbrance Documents, and therefore, is entitled to the return of its refundable earnest money deposit in the amount of $1, 600,000.00.

4. **Count Four: (Unjust Enrichment).** Sage Whetstone alleges that it has "paid for services and consultants whose work has increased the value of the land." Sage Whetstone further alleges that WDC Investments and Whetstone Partners have failed "to pay Sage Whetstone for the value of the benefits received," and that such failure to pay for the value of these benefits is not justified. Therefore, Sage Whetstone alleges that it is entitled to payment of damages arising from WDC Investments' and Whetstone Partners' unjust enrichment in connection with Sage Whetstone's planning and consulting services. No

specific amount is prayed for under this count. However, Sage Whetstone alleges that it expended approximately $4,430,000.00 in connection with "the Master Planned Community" it intended to construct upon the property.

5. **Answer and Counterclaim.** The Defendants in this action have filed an Answer and Counterclaim and have asserted both that nothing is owed to Sage Whetstone, LLC and that Sage Whetstone, LLC is liable to the Defendants pursuant to A.R.S. § § 33-420 for their filing of a wrongful lis pendens.

**STANDARDS OF JUDICIAL DISQUALIFICATION**

The standards for judicial disqualification are set out in 28 U.S.C. § 455. I find no grounds for disqualification under 28 U.S.C. § 455(b), which are non-waivable. However, the general disqualification of 28 U.S.C. § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Section 3.6-3 of the Guide to Judiciary Policies and Procedures summarizes general principles of disqualification where a lawyer appearing before the judge is representing an opposing party in other litigation adverse to the judge:

> § 3.6-3 Lawyer Representing Party Opposing Judge in Other Litigation
> (a) A judge should recuse from cases handled by a law firm, one of whose members or associates represents a party adverse to the judge in other litigation. Similarly, a judge who joins a class action arising from former employment with the Department of Justice should recuse (subject to remittal) from cases handled by a DOJ attorney directly involved in the class action or the underlying administrative decisions leading to it.
> (b) Recusal is not required when a lawyer or law firm previously represented an adverse party in litigation to which the judge or the judge's minor child was a party, after the matter has been finally closed.
> (c) Judge should recuse, subject to remittal, from cases in which the bankruptcy trustee's counsel is an attorney in a firm whose partner is suing the judge in unrelated litigation.
> (d) When a former law firm is involved in litigation that may result in the judge's personal liability, the judge should recuse (absent remittal) where the following persons appear: lawyers who are parties against the law firm; law firms representing plaintiffs against the law firm; lawyers who are lay and expert witnesses against the law firm; specific lawyers representing the law firm; other members of the firms representing the law firm.
> (e) A judge should recuse from matters handled by a law firm representing a developer, where the judge's property value would be diminished substantially by the development, the judge has publicly opposed it, and the matter is in litigation (though the judge is not a party).
> (f) A judge's impartiality cannot reasonably be questioned because a party moved, in unrelated litigation, to add as a defendant a company in which the judge had a

financial interest, but then withdrew the motion.

I have previously concluded that my ultimate financial interests in Whetstone Development Company, the sole member of WDC Investment Company, LLC, and Whetstone Partners, L.L.P. are sufficient to implicate 28 U.S.C. § 455(a), as interpreted by section 3.6-3 of the Guide to Judiciary Policies and Procedures. However, though my impartiality might reasonably be questioned in matters in which Fennemore Craig PC are counsel, I have no actual bias or prejudice for or against the firm or any of its lawyers, or for or against any of its clients in the matters before me.

Disqualification under 28 U.S.C. § 455(a) is subject to waiver if "preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e). I have consulted with the office of the General Counsel of the Administrative Office of the Courts, which provides advice to federal judges on matters of judicial ethics and disqualification, and I am advised that my disqualification in this case is subject to waiver. I will therefore require the parties to file a statement by September 1 indicating whether or not they waive the potential disqualification.

Regarding Plaintiff's "Motion for Additional Time to Respond to Defendants' Motions in Limine and Motion to Continue the Pretrial Conference Set for September 14, 2011" (Doc. 155): If I continue to preside over this case after September 1, I will grant Plaintiff a reasonable extension. Otherwise, the next judge will address that motion.

IT IS THEREFORE ORDERED that, on or before September 1, 2011, each side shall file a notice stating whether or not it waives the conflict described above.

DATED this 25th day of August, 2011.

_____
Neil V. Wake
United States District Judge