**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Edward Byrd, | No. CV 04-02701-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Before the Court are "Defendants' Motion in Limine Re.: Precluding Evidence of Plaintiff's Emotional Damages and Alternative Motion to Vacate Jury Trial and to Award Plaintiff $1 in Nominal Damages" (Doc. 148) and "Defendants' Motion for Judgment as a Matter of Law on Punitive Damages, and Motion in Limine on Punitive Damages" (Doc. 151).  Having received full briefing and having heard oral argument, the motions will be granted in part and denied in part, leaving one issue for decision: whether Defendant O'Connell acted with evil motive or intent when she searched Plaintiff.  As to that issue, Plaintiff will be ordered to show cause why summary judgment should not be granted in Defendant O'Connell's favor.

**I.    BACKGROUND**

On October 28, 2004, Plaintiff Byrd — a pretrial detainee in a Maricopa County jail — was ordered to strip to his boxer shorts and submit to a body search conducted by Defendant O'Connell, a woman, who was then in training to become a jail officer.  That incident led to this lawsuit against O'Connell, as well as against Defendant Peterson

(O'Connell's supervisor at the time), and Maricopa County Sheriff Joe Arpaio (sued in both his individual and official capacities). Byrd claimed that his Fourth Amendment and Fourteenth Amendment rights had been violated by Defendants' actions and a County policy which permits female-on-male strip searches. The case went to trial in August 2007.

At trial, Byrd testified that O'Connell groped him or otherwise inappropriately fondled his genitals through his boxer shorts while searching his groin and anal area. Byrd also testified that the search was performed purely as a training exercise, and not for any identified security need. O'Connell countered that she performed the search professionally, using the back of her latex-gloved hand to move Byrd's genitals during the brief time needed to search his groin area. O'Connell and others also testified that the search was performed for an identified security need — specifically, on suspicion of contraband circulating through the jail. However, no witness asserted that the search occurred under emergency or otherwise exigent circumstances.

The Court entered judgment as a matter of law in favor of Peterson and Sheriff Arpaio in his individual capacity. The Court also ruled that a cross-gender strip search in non-exigent circumstances was not *per se* unconstitutional under controlling Ninth Circuit precedent, though the Court noted it would have granted judgment for Byrd on that point absent such precedent. At that point, all that remained to go to the jury were Byrd's claims that: (1) O'Connell groped Byrd's genitals; (2) O'Connell's search was done for no identified security need; and (3) O'Connell's search inflicted wanton pain.

As to the first claim, the Court instructed the jury,

> the plaintiff alleges the Defendant Kathleen O'Connell deprived him of his right against unreasonable search by intentionally squeezing or kneading his penis or scrotum or improperly touching his anus through his underwear. Plaintiff must prove any of those facts by a preponderance of the evidence. If you find plaintiff has proved any of those facts, your verdict should be for plaintiff. If, on the other hand, the plaintiff has failed to make this proof, your verdict should be for the defendant.

(Doc. 101 at 2.) On this charge, the jury returned a verdict for O'Connell, thus establishing that O'Connell had not groped Byrd.

As to the second claim, the Court instructed the jury,

> the plaintiff also alleges that Defendant O'Connell deprived him of his right against unreasonable search by conducting a search not done for identified security need. If plaintiff proves by a preponderance of the evidence that Defendant O'Connell's search was not done for identified security need, your verdict should be for the plaintiff on this claim. If, on the other hand, plaintiff has failed to prove that fact, your verdict should be for Defendant O'Connell.

(*Id.* at 2–3.) On this charge, the jury again returned a verdict for O'Connell, thus establishing that O'Connell had performed the search for an identified security need.

As to the third claim, the Court instructed the jury,

> the plaintiff also alleges that Defendant O'Connell deprived him of due process of law. To prove this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:
>
> 1. Defendant O'Connell intentionally squeezed or kneaded his penis or scrotum or improperly touched his anus through his underwear;
>
> 2. Defendant's actions inflicted pain on the plaintiff; and
>
> 3. That infliction was wanton.
>
> * * *
>
> If you find plaintiff has proved all these elements, your verdict should be for plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

(*Id.* at 2.) On this charge, the jury also returned a verdict for O'Connell, as it necessarily must have given that it found no groping when considering the first charge, thus defeating the first element of this charge.

Byrd appealed the verdict on various legal grounds, but did not challenge the jury's findings. A Ninth Circuit panel affirmed on all issues, but the Ninth Circuit en banc reversed this Court's conclusion that a cross-gender strip search is constitutional.

Instead, the Ninth Circuit held that a cross-gender strip search is an unreasonable search under the Fourth Amendment absent exigent circumstances.

Considering that Byrd was subject to a cross-gender strip search, and that no exigent circumstances existed, the Ninth Circuit's ruling established that Byrd's Fourth Amendment rights had been violated. The question on remand is the damages to which Byrd is entitled. Defendants' motions challenge the availability of punitive and emotional damages as a matter of law. If such damages are not available, Byrd is left with nominal damages, which would not require a second trial.

## II.  APPELLATE "FINDINGS OF FACT"

Before proceeding further, Byrd's position on remand requires some discussion. Byrd asserts that this remand is an opportunity for him to present the Ninth Circuit's "findings of fact" to a jury. (Doc. 163 at 1, 2, 7, 14, 15.) The Ninth Circuit made no findings of fact. The Ninth Circuit ruled that this Court erred when it granted Defendants' motion for judgment as a matter of law on the question of whether a cross-gender strip search violated Byrd's Fourth Amendment right to be free from unreasonable searches. In other words, the Ninth Circuit established that the cross-gender nature of the search, *standing alone*, made it unreasonable (and therefore unconstitutional) under the circumstances. Byrd did not challenge, and the Ninth Circuit did not disturb, any of the facts necessarily found by the jury. The Ninth Circuit thus left intact the jury's finding that O'Connell performed her search of Byrd appropriately (*i.e.*, that O'Connell did not knead Byrd's penis and scrotum nor improperly touch Byrd's anus), and that the search was performed on Byrd for an identified security need. Those findings are now subject to collateral estoppel and Byrd cannot relitigate them.

## III.  EMOTIONAL DAMAGES

Defendants move to exclude evidence of Byrd's alleged emotional damages. Under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

- 4 -

42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

At trial, Byrd presented no evidence of physical injury. The only potentially injuring action in evidence was O'Connell's alleged kneading of Byrd's penis and scrotum and alleged improper touching of Byrd's anus through his underwear. But the jury found against Byrd on these charges, and the jury's factual findings were not disturbed on appeal. Accordingly, Byrd was not physically injured during the strip search.[1]

Byrd's counter-arguments are untenable. Byrd mostly offers case law about damages available for humiliation — an inherently emotional injury — in non-PLRA contexts. (*See* Doc. 163 at 11–12 (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986) (public employee's free speech); *Johnson v. Hale*, 13 F.3d 1351, 1353 (9th Cir. 1994) (housing discrimination); *Johnson v. Hale*, 940 F.2d 1192 (9th Cir. 1991) (housing discrimination); *Seaton v. Sky Realty Co.*, 491 F.2d 634 (7th Cir. 1974) (housing discrimination)).) Byrd's only case regarding damages available for strip-search humiliation involves a strip search that took place in public during a traffic stop. (*See id.*

---

[1] Indeed, to the extent the Ninth Circuit could have made "findings of fact," as Byrd claims, they would go against him here. According to the Ninth Circuit:

> O'Connell [while wearing latex gloves] placed one hand on Byrd's lower back holding the back part of the boxer shorts and, with her other hand, searched over his boxer shorts, his outer thigh from his hip to the bottom of the shorts. She then moved her hand from his outer thigh to the bottom of the shorts on his inner thigh and applied *slight pressure* to feel his inner thigh for contraband. *Using the back of her hand*, O'Connell moved Byrd's penis and scrotum out of the way applying *slight pressure* to search the area. O'Connell then searched the other side using the same technique.
>
> Finally, O'Connell placed her hand at the bottom of Byrd's buttocks and ran her hand up to separate the cheeks while applying *slight pressure*, to search for contraband inside his anus.

*Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1137 (9th Cir. 2011) (en banc) (emphasis added).

(citing and quoting *Smith v. City of Oakland*, Nos. C 07-6298 MHP, C 07-4179 MHP, 2011 WL 3360451 (N.D. Cal. Aug. 4, 2011)).) The plaintiffs in that case were not "prisoner[s] confined in a jail, prison, or other correctional facility." 42 U.S.C. § 1997e(e). Accordingly, the cases Byrd cites are irrelevant and do not establish his entitlement to damages for humiliation.

Byrd also claims that he

> is entitled to compensation if the jury decides that the manner of the search performed by Cadet O'Connell at the time was inappropriate. Mr. Byrd alleged that Cadet O'Connell sexually assaulted him, complaining that she "grab[bed] [his] balls and [his] scrotum." A jury finding that Cadet O'Connell's search was not appropriate is tantamount to a finding that Cadet O'Connell did in fact sexually assault Mr. Byrd. Sexual assault is "more than '*de minimis*' injury" and sufficient under § 1997e(e) to sustain a § 1983 claim.

(Doc. 163 at 12–13.) But the jury found O'Connell performed her search *appropriately*. Byrd may not now retry that issue. Accordingly, the claim of sexual assault or other physical injury has already been resolved against Byrd and the PLRA bars him from seeking emotional damages on retrial. *See* 42 U.S.C. § 1997e(e).

## IV.   PUNITIVE DAMAGES

Defendants move for judgment as a matter of law on punitive damages, or alternatively for an order excluding evidence relating to punitive damages.

### A.   Sheriff Arpaio

With respect to Sheriff Arpaio, granting his evidentiary motion is proper. The Sheriff is no longer part of this case in his individual capacity. This Court dismissed him in that capacity and the Ninth Circuit did not overturn that decision. The Sheriff remains in this case only as the official representative of Maricopa County.

Municipalities such as the County can be liable for damages under § 1983 "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Ninth Circuit's en banc decision concluded that cross-gender strip searches are unconstitutional

absent exigent circumstances. *Byrd*, 629 F.3d at 1142–47. Accordingly, the County policy permitting women to strip search men is unconstitutional and Plaintiff is entitled to damages. "But § 1983 plaintiffs may not recover *punitive* damages against a municipality." *Jefferson v. City of Tarrant, Ala.*, 522 U.S. 75, 79 (1997) (emphasis added). Accordingly, there is no legal basis for punitive damages against the County and evidence intended to justify such damages is therefore irrelevant. The Court will grant Defendants' motion in limine as to Sheriff Arpaio in his official capacity as representative of Maricopa County.

### B. Defendant O'Connell

Granting the same motion as to O'Connell would not be proper. Unlike the County, O'Connell is not categorically immune from punitive damages and therefore, generally speaking, evidence justifying such damages would be relevant if such evidence showed that her conduct was "motivated by evil motive or intent" or "involve[d] reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Whether O'Connell's actions "involved reckless or callous indifference to the federally protected rights of others" is effectively the same question raised in a qualified immunity defense. *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983) ("to the extent that the defendants are officials who are entitled to qualified immunity, the threshold of conduct for which punitive damages may be assessed is virtually the same as that required for an award of compensatory damages"). Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A statutory or constitutional right is "clearly established" when, "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond

- 7 -

debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (internal quotation marks removed; alterations incorporated).[2]

At the time O'Connell searched Byrd, the unconstitutional nature of cross-gender strip searches was far from "beyond debate" and therefore not clearly established. As the Court noted during trial, the relevant Ninth Circuit authority — *Jordan v. Gardner*, 986 F.2d 1521 (9th Cir. 1993) (en banc), *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988), and *Grummett v. Rushen*, 779 F.2d 491 (9th Cir. 1985) — all pointed toward the legality of female-on-male searches. The majority of the Ninth Circuit panel agreed, and even Judge Fernandez, partially concurring and dissenting, felt bound to declare that "[i]f our law does approve of [such strip searches], and the majority opinion cogently reasons that it does, I reluct; the law should change." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1225–26 (9th Cir. 2009). The en banc court ruled in Byrd's favor by a bare majority. Accordingly, as a matter of law, the rule announced by the en banc panel was not clearly established and O'Connell's actions therefore did not "involve[] reckless or callous indifference to the federally protected rights of others."

Given the foregoing, the only path remaining for Byrd to obtain punitive damages from O'Connell is to convince a reasonable jury that O'Connell was "motivated by evil motive or intent." Byrd never pursued such a theory before and it is not clear what evidence Byrd could present now. Byrd cannot reprise evidence of the emotional trauma he claims to have felt. He cannot continue to insist that O'Connell groped him. All of those issues are settled. It appears Byrd can only complain that a female should not have performed a search that was otherwise justified under an identified security need. Byrd cannot obtain punitive damages from O'Connell simply because she is female. On this record, then, there is a failure of evidence that O'Connell was "motivated by evil motive or intent."

---

[2] A qualified immunity defense *per se* might have disposed of this part of this case in its early stages but it was not pleaded and was therefore waived.

1 O'Connell has asked for a Rule 50 directed verdict on this issue. The Court cannot grant a Rule 50 verdict except at trial. In addition, Byrd's response to O'Connell's motion sets forth eight items of "evidence," some of which are actually quotations from cases, that purportedly "support[] a punitive damages award" against O'Connell. (Doc. 163 at 14.) Some of these items might have been intended to satisfy the "federally protected rights of others" test, but in any event, Byrd nowhere explains how these eight items (or some of them) would allow a reasonable jury to infer that O'Connell was "motivated by evil motive or intent." Byrd deserves — and requested at oral argument — an opportunity to explain the relevance of this proffered evidence, and any other evidence of "evil motive or intent" that he intends to present at a second trial.

"After giving notice and a reasonable time to respond, the court may: . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). The following material fact may not be genuinely in dispute: Whether O'Connell's strip search of Byrd was "motivated by evil motive or intent." Byrd will be ordered to show cause regarding that issue. If, through this procedure, it is established that no reasonable jury could find that O'Connell acted with evil motive or intent, Byrd would be left with nominal damages. There is no point in going to trial over nominal damages. The Court itself would award nominal damages and terminate the case.

IT IS THEREFORE ORDERED that "Defendants' Motion for Judgment as a Matter of Law on Punitive Damages, and Motion in Limine on Punitive Damages" (Doc. 151) is GRANTED with respect to exclusion of punitive damages evidence against Maricopa County, and otherwise DENIED.

IT IS FURTHER ORDERED that "Defendants' Motion in Limine Re.: Precluding Evidence of Plaintiff's Emotional Damages and Alternative Motion to Vacate Jury Trial and to Award Plaintiff $1 in Nominal Damages" (Doc. 148) is GRANTED with respect to exclusion of emotional damages evidence against Maricopa County and O'Connell and otherwise DENIED.

1  IT IS FURTHER ORDERED that, in the Court's discretion, summary judgment is
2  REOPENED.
3  IT IS FURTHER ORDERED that, on or before November 18, 2011, Plaintiff shall
4  SHOW CAUSE why summary judgment should not be granted for Defendant O'Connell
5  as to punitive damages, and specifically on whether her search of Byrd was motivated by
6  evil motive or intent.  Defendant O'Connell shall respond on or before December 9,
7  2011.
8  IT IS FURTHER ORDERED that the jury trial scheduled to begin on November
9  16, 2011 is VACATED.
10  IT IS FURTHER ORDERED that, considering Plaintiff's concession (Doc. 163
11  at 1 n.1), "Defendants' Motion in Limine Re.: 'Cruel and Unusual'" (Doc. 145) is
12  GRANTED.
13  Dated this 24th day of October, 2011.

_____
Neil V. Wake
United States District Judge